# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7239 | **DATE** | 10/31/2011 |
| **CASE TITLE** | Gregory Oliver (#2011-630068) v. Sergeant Berkley, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted, and the initial partial filing fee is waived. The court authorizes and orders the trust fund officer at plaintiff's place of confinement to make deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail and to issue summons for defendant Stateville Correctional Center Sergeant Berkley. The United States Marshals Service is appointed to serve this defendant. No summonses shall issue for the John Doe defendant Stateville officers until their identities are known. The State of Illinois and the John Doe supervisory officials are dismissed as defendants. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions.

■ [**For further details see text below.**] Docketing to mail notices.

## STATEMENT

    Plaintiff Gregory Oliver, currently a pretrial detainee at the Cook County Jail but previously incarcerated at the Stateville Correctional Center, has filed this *pro se* civil rights action against Stateville Sergeant Berkley, three unknown Stateville officers, and unknown Stateville and Illinois Department of Corrections officials. Plaintiff alleges that, on May 17, 2011, Sergeant Berkley and the three Stateville officers punched and kicked plaintiff while his hands were cuffed behind his back as he was being escorted to a segregation unit. Plaintiff allegedly suffered two broken teeth and other injuries as a result. Plaintiff further names IDOC and Stateville officials under a respondeat superior theory, because the officers were acting within the scope of their employment.

    The court finds that plaintiff is unable to prepay the filing fee or a initial partial filing fee. His application to proceed *in forma pauperis* is granted. The trust account officer at the place of plaintiff's confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the inmate trust account office at plaintiff's place of confinement shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Accepting the allegations discussed above as true, the complaint states a colorable cause of action against Stateville Sergeant Berkley and the three unknown officers who allegedly jointly beat plaintiff on May 17, 2011, causing injuries, including two broken teeth. Summons shall issue for Sergeant Berkley, but not for the unknown officers until their identities are known. Once an attorney enters an appearance for defendant Berkley, plaintiff must forward discovery requests to the attorney seeking the names of the officers. Upon learning their names, plaintiff may seek to substitute them for the John Doe defendants. Plaintiff is advised that his failure to attempt to learn the officers' names within 90 days of the date an attorney enters an appearance for Berkley may result in the dismissal of the claims against the unknown officers. Plaintiff is further advised that the limitations period for the claims against these officers is two years, and that not identifying them by name before the expiration of the limitations period may result in the claims against them being time-barred. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342, 344 (7th Cir. 1996) (personal injury claims in Illinois have a limitations period of two years; substituting actual name for a John Doe defendant does not relate back to the date the complaint listing defendant as John Doe was filed).

With respect to the claims against the supervisory officials under a theory of repsondeat superior or another theory, the claims are dismissed. Respondeat superior is not available in a civil rights action. In order for a supervisory official to be liable, he or she must have been personally involved in some way with a plaintiff's claims. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). In this case, plaintiff alleges no such personal involvement. The State of Illinois and any John Doe supervisory defendants are thus dismissed.

The clerk shall issue summons for service of the complaint on Stateville Correctional Officer Sergeant Berkley. The United States Marshals Service is appointed to serve this defendant. Any service forms necessary to serve him shall be sent by the Marshal to plaintiff. Plaintiff's failure to complete and return the form may result in the dismissal of the claims against Berkley, as well as the dismissal of this case. The Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former prison employee who can no longer be found at the work address provided by the plaintiff, Stateville officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant, or to defendant's counsel if an attorney enters an appearance on his behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case *pro se* at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).